# EXHIBIT 47

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX, I.A.S. PART 2
Matter of JOSEPH AGNEW, ANTHONY GANG,
TYRONE GREENE and KAMER REID, on behalf of
themselves and all others similarly situated,
                                        Petitioners

                                                    Index No. 813431-2021E

                                                    **JUDGMENT/ORDER**

              -against-

                                                    **Present:**
                                                    **HON. ELIZABETH A. TAYLOR**

NEW YORK CITY DEPARTMENT OF CORRECTION
                              Respondent.
The following papers numbered 1 to ___ read on this motion, _____

|  |  | PAPERS NUMBERED |
| --- | --- | --- |
| No | On Calendar of | (NYSCEF Conf. Notice #s) |
| Notice of Motion-Order to Show Cause - Exhibits and Affidavits Annexed-------------------- | | 86-104, 106 |
| Answering Affidavit and Exhibits------------------------------------------------------------------------ | | 108-110 |
| Replying Affidavit and Exhibits-------------------------------------------------------------------------- | | 112-115 |
| Affidavit------------------------------------------------------------------------------------------------------ | | |
| Pleadings -- Exhibit------------------------------------------------------------------------------------------ | | |
| Stipulation -- Referee's Report --Minutes----------------------------------------------------------------- | | |
| Filed papers-------------------------------------------------------------------------------------------------- | | 105, 111, 116, 121, 122 |

Upon the foregoing papers and due deliberation thereof, the Judgment/Order on this motion is as follows:

Order to show cause pursuant to CPLR 5104 and Judiciary Law §753 for an

order holding respondent Department of Correction in civil contempt for failing to

comply with this court's order dated December 3, 2021 and entered on December 6,

2021, is granted as follows.

On December 3, 2021, this court granted movants' Article 78 petition and issued

an order directing respondent Department of Correction (DOC) "to immediately comply

with its duties to:

> a. Provide Petitioners' with access to sick call on weekdays, excluding
> holidays, and to make sick call available at each facility to all persons in
> DOC custody a minimum of five days per week within 24 hours of a
> request, or at the next regularly scheduled sick call, whichever is first;
> [and]

Page 1 of 7

Case 1:21-cv-09012-DLC    Document 41-47    Filed 10/24/22    Page 3 of 8

b. Safely keep in the New York City jails each person lawfully committed to his custody by providing sufficient security for the movement of incarcerated persons to and from health services, and by not prohibiting or delaying incarcerated persons' access to care, appropriate treatment, or medical or dental services."

The order further directed respondent to "provide proof of substantial compliance" with the above within one week of the order. On February 1, 2022, petitioners made the instant motion for contempt, alleging that respondent failed to comply with the December 3, 2021 order. Petitioners request compensatory fines totaling $477,250.00 for the agreed to number of instances of non-compliance with the subject order, *to wit*, 1,061 instances in December 2021 and 848 instances in January 2022. Petitioners also request "reasonable attorneys' fees," and an opportunity to submit, within 30 days from the date of the this order, "evidence of Petitioners' Attorneys' Fees if Respondent[] [has] not issued Petitioners' Attorneys' Fees."

It is well settled that:

[i]n order to find that contempt has occurred in a given case, it must be determined that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect. It must appear, with reasonable certainty, that the order has been disobeyed. Moreover, the party to be held in contempt must have had knowledge of the court's order, although it is not necessary that the order actually have been served upon the party. Finally, prejudice to the right of a party to the litigation must be demonstrated (citations omitted) (*McCormick v Axelrod*, 59 NY2d 574, 583 [1983], *amended* 60 NY2d 652 [1983]).

In the case at bar, respondent does not dispute that the subject order is a clear and unequivocal mandate and it concedes that petitioners have met their initial burden to establish that respondent did not submit proof of "substantial compliance" with the

Page 2 of 7

Case 1:21-cv-09012-DLC    Document 41-47    Filed 10/24/22    Page 4 of 8

December 3, 2021 order within the directed time, or even as of February 16, 2022, the return date of the instant order to show cause. Based upon the record, petitioners have established by clear and convincing evidence that they have been prejudiced by respondent's failure to comply with the December 3, 2021 order. Nevertheless, "[o]nce the movant establishes a knowing failure to comply with a clear and unequivocal mandate, the burden shifts to the alleged contemnor to refute the movant's showing, or to offer evidence of a defense, such as an inability to comply with the order" (*El-Dehdan v El-Dehdan*, 114 AD3d 4, 17 [2d Dept 2013], *affd*, 26 NY3d 19 [2015]).

Respondent argues that the one week deadline to submit proof of "substantial compliance" with the order "was impossible to meet because DOC lacked the personnel to adequately facilitate access to sick call and transportation to and from health care services." Respondent further argues that is undisputed that DOC has experienced an unprecedented staffing crises directly related to the ongoing COVID-19 pandemic, which has resulted in a substantial reduction of its workforce. Respondent submits, *inter alia*, the affidavit of Ada Pressley, its Bureau Chief of Facility Operations, in which she avers that DOC is not in "substantial compliance with the pertinent directives to provide timely access to the clinics." Ms. Pressley attests that respondents "saw the biggest increase in members of service out sick in December 2021 and January 2022 with 1,831 and 2,229 members of service reported sick, respectively. Respondent alleges that, as a result, it has been unable to comply with the court's order due to forces not of its making.

Page 3 of 7

This court found that respondent raised sufficient facts of its inability to comply with the subject order to warrant a hearing on the existence of the defense (*see El-Dehdan v El-Dehdan*, 114 AD3d 4, 17 [2d Dept 2013], *affd*, 26 NY3d 19 [2015] [The Court held that a hearing is required only if the papers in opposition raise a factual dispute as the elements of civil contempt, or the *existence of a defense*]; *In re Andrew B.*, 128 AD3d 1513 [4th Dept 2015] [Lower court was unanimously reversed as it did not consider any reason for petitioner's noncompliance with the order or to hold a hearing]; *Matter of Savas v Bruen*, 139 AD3d 736 [2d Dept 2016] [Reversed trial court's contempt as factual dispute as to the existence of the defense of an inability to pay required a hearing]).

The hearing was commenced on March 25, 2022. The following witnesses testified at the hearing: 1) Ada Pressley, DOC's Bureau Chief of Facility Operations; and 2) Rabiah Gaynor, DOC's Executive Director of the Health Affairs Unit. The hearing concluded on April 15, 2022, with the parties' written summations. The parties agreed that there were 1,061 instances of non-compliance with the subject order in December 2021 and 848 instances of noncompliance in January 2022. It is noted that respondent did not allege at the hearing that it is in compliance with the December 3, 2021 order.

The witnesses testified as to DOC's good faith attempts to comply with this court's order while faced with lack of staff to escort the inmates to the infirmary. However, it well settled that good faith attempts to comply with a court's order is not a

Page 4 of 7

recognizable defense to a motion for contempt (*see Matter of McCain v Dinkins*, 192

AD2d 217 [1st Dept 1993], *affd as mod*, 84 NY2d 216 [1994]). The record is devoid of

any evidence of respondent's factual impossibility to comply with the December 3, 2021

order, and it is noted that respondent is not arguing that it lacks the authority or control

to find a way to comply with the order (*see Badgley v Santacroce*, 800 F2d 33, 37 [2d

Cir 1986]; *Aspira of New York, Inc. v. Board of Education*, 423 F.Supp. 647, 654

[S.D.N.Y.1976]).

Based upon the record in this matter, the court finds that the following has been

established by clear and convincing evidence: 1) that the order dated December 3,

2021 was a lawful order of the court and expressed an unequivocal mandate for

respondent to comply with its duties to provide inmates with access to sick call and not

prohibit or delay them from health services; 2) respondent's failure to provide or delay

inmates access to health services constitutes disobedience of the December 3, 3021

order; 3) respondent had knowledge of the December 3, 2021 order; and 4) petitioners

have been prejudiced by respondent not complying with the order. The court further

finds that respondent failed to meet its heavy burden to demonstrate that it is

impossible to comply with the subject order. Accordingly, respondent is in civil

contempt of this court's order dated December 3, 2021.

The court finds that petitioners' attorneys are entitled to an award of counsel

fees, beginning with the instant order to show cause filed on February 1, 2022 through

the summation filed on April 15, 2022, as a result of their successful prosecution of this

contempt proceeding.

In light of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the petitioners' application seeking to hold

respondent in contempt is hereby granted; and it is further

**ORDERED AND ADJUDGED** that the respondent may purge itself from this

finding of contempt by complying with the December 3, 2021 order. Specifically, within

30 days of entry of this order, respondent shall "provide proof of substantial

compliance" with its duties to:

> a. Provide Petitioners' with access to sick call on weekdays, excluding holidays, and to make sick call available at each facility to all persons in DOC custody a minimum of five days per week within 24 hours of a request, or at the next regularly scheduled sick call, whichever is first; [and]

> b. Safely keep in the New York City jails each person lawfully committed to his custody by providing sufficient security for the movement of incarcerated persons to and from health services, and by not prohibiting or delaying incarcerated persons' access to care, appropriate treatment, or medical or dental services.

**ORDERED AND ADJUDGED** that in the event respondent does not comply with

the December 3, 2021 order, respondent shall pay a compensatory fine, in the amount

of $100.00 for each missed escort to the infirmary, from December 11, 2021 through

January 2022, to petitioners for its contemptuous conduct.

**ORDERED AND ADJUDGED** that the parties shall appear before the court on

June 24, 2022 at 11:00 a.m., as a control date to determine whether the respondent

has purged itself of this finding of contempt; and it is further

Page 6 of 7

Case 1:21-cv-09012-DLC Document 41-47 Filed 10/24/22 Page 8 of 8

**ORDERED AND ADJUDGED** that the respondent shall pay petitioners' counsel

reasonable attorneys' fees incurred in this contempt proceeding. If the parties are

unable to agree on the amount of attorneys' fees, a hearing will be held on June 24,

2022 at 11:00 a.m.

The foregoing shall constitute the judgment and order of this court.

Dated: **MAY 1 3 2022**

_____
J.S.C.

Elizabeth A. Taylor

Page 7 of 7