# EXHIBIT 52

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX, I.A.S. PART 2
Matter of JOSEPH AGNEW, ANTHONY GANG,
TYRONE GREENE and KAMER REID, on behalf of
themselves and all others similarly situated,

                                      Petitioners,      Index No. 813431-2021E

                                                    **JUDGMENT/ORDER**

        -against-

                                                      Present:
                                                      **HON. ELIZABETH A. TAYLOR**

NEW YORK CITY DEPARTMENT OF CORRECTION,
                                   Respondent.

The following papers numbered 1 to ___ read on this motion, _____

                                                              PAPERS NUMBERED
                                                              (NYSCEF Conf. Notice #s)
No    On Calendar of
Notice of Motion-Order to Show Cause - Exhibits and Affidavits Annexed-------------------- _____
Answering Affidavit and Exhibits------------------------------------------------------------- _____
Replying Affidavit and Exhibits-------------------------------------------------------------- _____
        Affidavit------------------------------------------------------------------------------ _____
Pleadings -- Exhibit----------------------------------------------------------------------- _____
Stipulation -- Referee's Report --Minutes---------------------------------------------------- _____
Filed papers------------------------------------------------------------------------------ _____
_____

On December 3, 2021, this court granted movants' Article 78 petition and issued an order directing respondent Department of Correction (DOC) to immediately comply with its duties, [pursuant to 40 RCNY 3-02 and Correction Law §500-c(4)] to:

    a. Provide Petitioners with access to sick call on weekdays, excluding holidays, and to make sick call available at each facility to all persons in DOC custody a minimum of five days per week within 24 hours of a request, or at the next regularly scheduled sick call, whichever is first; [and]

    b. Safely keep in the New York City jails each person lawfully committed to his custody by providing sufficient security for the movement of incarcerated persons to and from health services, and by not prohibiting or delaying incarcerated persons' access to care, appropriate treatment, or medical or dental services.

The order further directed respondent to "provide proof of substantial compliance" with the above within one week of the order.

On May 13, 2022, after a hearing, this court found respondent in contempt of the December 3, 2021 order and provided respondent with 30 days of entry of the order, *to wit*, May 17, 2022 through June 16, 2022, to purge itself of the contempt. It is noted that in their motion for contempt, petitioners requested compensatory fines for the agreed to number of instances of non-compliance with the December 3, 2021 order, specifically, 1,061 instances in December 2021 and 848 instances in January 2022. The May 13, 2022 order directed the parties to virtually appear before the court on June 24, 2022 "as a control date to determine whether the respondent has purged itself of this finding of contempt," and further directed that in the event respondent does not purge itself, respondent "shall pay a compensatory fine, in the amount of $100.00 for each missed escort to the infirmary, from December 11, 2021 through January 2022, to petitioners for its contemptuous conduct." It is noted that the parties appeared in the virtual courtroom on June 24, 2022 and at a follow-up telephone conference on July 15, 2022.

The following papers/documents were filed regarding whether respondent purged itself of the contempt order:

1) "New York City Department of Correction Compliance Affidavit," from Kathleen Thomas, Chief of Staff of the New York City Department of Correction (NYSCEF Doc. No. 129, filed on June 16, 2022);

2) "Letter/Correspondence to Judge," from petitioners' counsel (NYSCEF Doc. No. 130-139, filed on June 23, 2022);

3) "Affidavit of Rabiah Gaynor Re: New York City Department of Correction Compliance Affidavit," from Rabiah Gaynor, Executive Director of Health Affairs Division of the New York City Department of Correction (NYSCEF Doc. No. 140, filed on July 5, 2022); and

4) "Affirmation of Petitioner's Counsel in Sur-Reply to the Department of Correction Compliance Affidavit," from Katherine Fell, Esq., attorney for petitioners (NYSCEF Doc. No. 141 - 144, filed on July 8, 2022).

The above documents were filed before the telephone conference on July 15, 2022, and the parties requested that the court make its determination, of whether respondent purged itself of the contempt order, solely on the above listed documents.

"'After a finding of contempt has been made, it is the contemnor's burden to demonstrate [by clear and convincing evidence] that he or she has purged the contempt or that it is impossible for him or her to purge'" (*Town of Copake v 13 Lackawanna Properties, LLC*, 169 AD3d 1178, 1181 [3d Dept 2019] *quoting Riverside Capital Advisers, Inc. v First Secured Capital Corp.*, 57 A.D.3d 870, 871, 870 N.Y.S.2d 114 [2008] [citations omitted], *lv dismissed* 12 N.Y.3d 842, 881 N.Y.S.2d 15, 908 N.E.2d 923 [2009]).

In support of its claim that it purged itself of the contempt, respondent submits the affidavits of Kathleen Thomas and Rabiah Gaynor. Ms. Thomas affirms that "[i]n the period lasting from May 17, 2022 to June 12, 2022, 42,177 *clinic appointments were scheduled*. Of that number, the Department failed to produce 186 inmates due to lack of escort availability. This represents approximately 0.4% of the total scheduled appointments during this time period." It is noted that the purge period ended on June 16th, not June 12th.

Page 3 of 6

Ms. Gaynor also affirms that "while the official cause of death is still pending in recent cases, many of the apparent causes of death in Department custody over the last few years have no clear connection to missed clinic appointments." It is noted that the cause of inmates' deaths while on Rikers' Island is not before this court and the record before this court is devoid of any allegation or evidence of a causal relation. The sole issue in contention before this court is whether respondent purged itself of contempt of the court's order dated December 3, 2021, namely, to "provide proof of substantial compliance" with its duties to allow petitioners "access to sick call on weekdays . . . within 24 hours of a request, or at the next regularly scheduled sick call, whichever is first . . . and by not prohibiting or delaying incarcerated persons' access to care, appropriate treatment, or medical or dental services."

While respondent has demonstrated that it is committed to providing inmates with access to clinic appointments, it did not meet its heavy burden, on this record, to demonstrate that it substantially complied with the December 3, 2021 order to provide petitioners with access to sick call. The only evidence submitted regarding access to the infirmary during the purge period is Ms. Thomas' affirmation that respondent only failed to produce inmates, due to lack of escort availability, for 186 out of 42,177 clinic appointments that were scheduled. This constitutes substantial compliance if the December 3, 2021 order directed respondent to provide escorts for the number of *scheduled appointments*. However, the December 3, 2021 order directed respondent to provide proof of substantial compliance with, among other things, access to *sick call*

Page 4 of 6

on weekdays. "The term 'sick call' means the department's process by which an incarcerated individual *requests* to be seen by a health care professional for the purpose of assessing or treating such incarcerated individual's non-emergency medical complaint" (Administrative Code of the City of New York §9-108). This court cannot assume that the "42,177 *clinic appointments [] scheduled*" equals the number of sick calls for the period referred to by Ms. Thomas. At a minimum, respondent did not allege or submit evidence, for the purge period, of how many inmate requests for sick call services were made and, of that number, how many of those requests were denied due to lack of escorts. It is noted that to demonstrate personal knowledge of a matter, the affiant must describe the basis of his or her knowledge of the facts and without a basis, such as admissible business records, self-serving statements are insufficient.

Based upon the record before this court, respondent failed to purge itself of the contempt order dated May 13, 2022.

In light of the foregoing, it is hereby

**ORDERED and ADJUDGED** that petitioners shall have judgment against respondent and within 90 days of entry of this order, respondent shall pay petitioners $100.00 for each missed escort to the infirmary, from December 11, 2021 through January 2022.

**ORDERED and ADJUDGED** that within 30 days of entry of this order, petitioners shall file an affirmation setting forth their request for reasonable attorney fees incurred in this contempt proceeding, and within 15 days of the filing of petitioners' affirmation,

respondents shall file an opposition affirmation if the parties are unable to agree on the amount. If the parties are able to agree on the amount or attorney fees, they shall inform the court.

The foregoing shall constitute the judgment and order of this court.

Dated: AUG 0 9 2022

_____
J.S.C.

HON. ELIZABETH A. TAYLOR